**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

ELVIN JOEL TYRONE SCOTT      *

                              *

          Plaintiff,      *

v.                             *          No. 3:17cv00259-JJV

                              *

POINSETT COUNTY JAIL; *et al.*,      *

                              *

          Defendants.      *

**MEMORANDUM AND ORDER**

## I.    INTRODUCTION

Elvin Joel Tyrone Scott ("Plaintiff") is a pretrial detainee at the Poinsett County Detention Center ("PCDC"). He has filed this *pro se* action under 42 U.S.C. § 1983, alleging Defendant Jail Administrator Steve Rorex has subjected him to unconstitutional conditions of confinement by: (1) serving nutritionally inadequate meals; (2) requiring payment for book-in kits; and (3) allowing one hour of out-of-cell time each day.[1] (Doc. No. 2.) Plaintiff seeks $25,000 in monetary damages and prospective injunctive relief. (*Id*. at 9.)

Defendant Rorex has filed a Motion for Summary Judgment on the merits of Plaintiff's claims. (Doc. Nos. 31, 32, 33.) Plaintiff has filed a Response. (Doc. No. 35.) After careful review, and for the following reasons, I find summary judgment is appropriate. Therefore, the Motion for Summary Judgment is GRANTED, and Plaintiff's claims against Defendant Rorex are DISMISSED with prejudice.

---

[1] All other claims raised in the Complaint have been dismissed without prejudice. (Doc. Nos. 12 & 22.)

## II.    QUALIFIED IMMUNITY

Defendant Rorex argues he is entitled to dismissal based on the doctrine of qualified immunity.  (Doc. No. 33 at 2.)  Qualified immunity shields government officials, acting in their individual capacities, from civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).  However, qualified immunity does <u>not</u> apply to claims raised against defendants in their official capacities. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166-67 (1993); *Owen v. City of Indep., Mo.,* 445 U.S. 622, 657-58 (1980).

Plaintiff did not specify in his Complaint whether he was suing Defendant Rorex in his official or individual capacity, nor has he sought permission to amend his Complaint to clarify that ambiguity.  (Doc. No. 2.)  The United States Court of Appeals for the Eighth Circuit has "repeatedly stated" if a "plaintiff's complaint is silent about the capacity in which he is suing the defendant, we interpret the complaint as including only official-capacity claims."  *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); *see also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).  In the Motion for Summary Judgment, Defendant Rorex acknowledges he has been sued in his "official capacity as the Jail Administrator at the Poinsett County Detention Center." (Doc. No. 31 at 1.)  Because Defendant Rorex has been sued in his official capacity only, he is not entitled to dismissal based on qualified immunity.[2]

---

[2] Even if Plaintiff had named Defendant Rorex in his individual capacity, qualified immunity would apply only to Plaintiff's prayer for monetary damages and not to his request for prospective injunctive relief.  *See Mead v. Palmer,* 794 F.3d 932, 937 (8th Cir. 2015).

2

## III.    JUDGMENT AS A MATTER OF LAW

Defendant Rorex also argues he is entitled to dismissal pursuant to Federal Rule of Civil Procedure 56, which provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of W. Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.    ANALYSIS

Plaintiff's constitutional claims against Defendant Rorex, in his official capacity, are actually claims against Poinsett County. *See Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010);

3

*Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009).  Poinsett County cannot be held vicariously liable, in a Section 1983 suit, for the actions of its employees.  *See Monell v. Dep't., of Soc. Servs.,* 436 U.S. 658 (1978); *S.M. v. Lincoln Cnty.,* Mo., 874 F.3d 581 (8th Cir. 2017).  Instead, Poinsett County can only be held liable if Plaintiff's constitutional rights were violated as a result of an official Poinsett County policy, an unofficial custom, or a deliberately indifferent failure to train.  *See Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018); *Corwin v. City of Independence*, *Mo*., 829 F.3d 695, 699 (8th Cir. 2016).

In the Complaint, Plaintiff alleges Poinsett County had an official policy or an unofficial practice of subjecting pretrial detainees to inhumane conditions of confinement by serving nutritionally inadequate meals, requiring payment for book-in kits, and releasing them from their two-man cells for only one hour each day.  (Doc. No. 2.)  To proceed to trial on any of these Fourteenth Amendment claims, Plaintiff must have evidence that:  (1) objectively, he was subjected to conditions that created a substantial risk of serious harm to his health or safety; and (2) subjectively, Poinsett County was deliberately indifferent to the risk of harm posed by those conditions.[3]  *See Kulkay v. Roy,* 847 F.3d 637, 642-43 (8th Cir. 2017); *Davis v. Oregon Cnty., Mo.,* 607 F.3d 543, 548-49 (8th Cir. 2010).  Keeping this legal standard in mind, I will address each of Plaintiff's Fourteenth Amendment claims separately.

---

[3] In *Ingram v. Cole Cnty,* 846 F.3d 282 (8th Cir. 2017), an Eighth Circuit panel departed from well-established precedent by applying an objectively reasonable standard, rather than the Eighth Amendment deliberate indifference standard, to a conditions of confinement claim raised by a pretrial detainee.  On April 17, 2017, the Court vacated that panel opinion and decided to rehear the issue *en banc.* As of the date of this Memorandum and Order, no ruling has been handed down in *Ingram.* Thus, the current law in the Eighth Circuit is that the deliberate indifference standard applies to conditions of confinement cases brought by pretrial detainees under the Fourteenth Amendment.

A.     **Nutritionally Inadequate Meals**

The parties agree all pretrial detainees at the PCDC receive:  (1) rice, a biscuit, and milk for breakfast; (2) a hot meal for lunch that includes a variety of meats, starches, and vegetables; and (3) two bologna sandwiches with either beans or mashed potatoes for dinner.  (Doc. Nos. 2 at 4; 32-3; 35).  According to Defendant Rorex's sworn affidavit, an independent dietitian determined the PCDC menu was nutritionally adequate and in accordance with Arkansas Correctional Institute guidelines.  (Doc. 32-3).  Plaintiff has not presented any evidence to refute that assertion. Moreover, there is no evidence showing Plaintiff lost weight or that his health was otherwise adversely effected by the meals he was served at the PCDC.  *See Ingrassia v. Schafer,* 825 F.3d 891, 897 (8th Cir. 2016) (to proceed to trial, a prisoner must have "evidence that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food"); *Wishon v. Gammon*, 978 F.2d 446, 449 (1992) (same).

Because the "Constitution does not mandate comfortable prisons," only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of a Section 1983 claim.  *Hudson v. McMillian,* 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981).  Plaintiff's mere displeasure with the taste and lack of variety in the meals he was served at the PCDC does not rise to the level of a constitutional violation.  *See, e.g., Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (holding a prisoner's "claim that his constitutional rights were violated when he was served cold food [was] frivolous"); *Rust v. Grammer,* 858 F.2d 411, 414 (8th Cir. 1988) (concluding a prisoner's diet of cold sandwiches and tap water during a nine-day lockdown did not violate the Eighth Amendment); *Gilbert v. Norris*, No. 99-1519, 2000 WL 303218 (8th Cir. Mar. 24, 2000) (unpublished opinion)

(finding the lack of "full-course meals" did not constitute an Eighth Amendment violation). Here, there is no evidence the meals served at the PCDC created a substantial risk of serious harm to Plaintiff's health or safety. Accordingly, I conclude Defendant Rorex is entitled to summary judgment as a matter of law on Plaintiff's inadequate nutrition claim.

### B.    Payment for Book-in Kits

The parties agree that, upon arrival at the PCDC, all detainees receive a book-in kit, which includes clothing, shower shoes, towels, blankets, a mattress, toothpaste, and soap. (Doc. Nos. 2 at 4; 32-2; 32-3; 35.) Detainees who have the funds to do so must pay a $10.00 non-refundable fee for the book-in kit. (*Id.*) This fee pays for the consumable items (such as toothpaste and soap) and for cleaning, with hospital grade disinfectant, of all reusable items (such as clothing and mattresses) that are returned to the PCDC when the detainees leave the facility.[4] (*Id.*) If a detainee does not have $10.00, the book-in kit is provided with a charge posted on the detainee's institutional account. (*Id.*)

When Plaintiff arrived at the PCDC on September 7, 2017, he had $36.00 in his possession. (Doc. Nos. 2 at 4; 32-4.) Consistent with PCDC policy and practice, Plaintiff received a book-in kit. (*Id.*) Because Plaintiff had not paid for book-in kits or settled his commissary account during two prior periods of confinement at the PCDC, he was charged a total of $33.62, instead of $10.00. (*Id.*). The remaining $2.38 was deposited into Plaintiff's institutional account. (*Id.*) Plaintiff does not dispute any of these facts. (Doc. No. 35.) Instead, he argues the $10.00 fee is unconstitutional because he was not given the option of rejecting the book-in kits. (Doc. Nos. 2 at 4; 35.)

---

[4] Detainees are required to pay additional fees if they damage or fail to return reusable items. (Doc. No. 32-2.) Plaintiff does not allege he was required to pay any such fees. (Doc. No. 2.)

Prisons have a constitutional obligation to provide inmates with "reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Stickley v. Byrd*, 703 F.3d 421, 423 (8th Cir. 2013)*; see also Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012). Inmates may be charged fees for these supplies and services, so long as they are not denied them due to an inability to pay. *See, e.g., Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir. 1999) (medications); *Hershberger v. Scaletta,* 33 F.3d 955, 957 (8th Cir.1994) (postage for non-legal mail); *Hubbard v. Holt*, No. 5:17CV5097, 2017 WL 3526670, *3 (W.D. Ark. Aug. 16, 2017) (unpublished opinion) (hygiene supplies). Nothing in the record suggests $10.00 was a constitutionally excessive fee to be charged for the book-in kits, or that Plaintiff was denied a book-in kit due to an inability to pay. Thus, I conclude Defendant Rorex is entitled to summary judgment as a matter of law on this conditions of confinement claim.[5]

### C.    One Hour Out-of-Cell Time

The parties agree PCDC detainees are held in two-man cells for twenty-three hours a day. (Doc. Nos. 2 at 5, 32-3, 35.) Ten detainees at a time are allowed out of their cells for one hour each day to take showers, make phone calls, send emails, use "kiosk machines" to file grievances, and go outside (weather permitting). (*Id.*) Importantly, Plaintiff does <u>not</u> challenge the conditions of his confinement inside his two-man cell or allege he received insufficient out-of-cell exercise

---

[5] Further, to the extent that Plaintiff may be seeking to bring a Fourteenth Amendment property claim, prisoners cannot bring such claims for the intentional or negligent loss of their personal property if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Plaintiff may seek reimbursement for any wrongfully seized funds by filing a conversion action in state court. *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision). Because Plaintiff has that adequate state remedy available to him, he cannot proceed with a Fourteenth Amendment due process property claim in federal court.

time. (Doc. Nos. 2, 35.) Instead, Plaintiff contends his constitutional rights were violated because one hour each day was an insufficient amount of time for him and nine other inmates "to share phones, showers, and kiosk machines." (Doc. No. 2 at 5.)

The Constitution does not require that prisoners have unlimited access to showers or that they be able to bathe daily. *See, e.g., Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989) (finding two showers per week was not an Eighth Amendment violation); *Scott v Carpenter*, No. 01-1322, 2001 WL 1569567, *3 (8th Cir. Dec. 11, 2011) (unpublished decision) (concluding fifteen showers in six months "raises some red flags," but was not a constitutional violation); *Jones v. Houston,* No. 4:06CV03314, 2007 WL 3275125, *8 (D. Neb. Nov. 2, 2007) (unpublished opinion) (holding the denial of showering privileges for thirteen days was not an Eighth Amendment violation). Plaintiff has not explained how many shower stalls were in the break area or how often he was actually able to bathe each week, given the fact that he had to share those facilities with nine other men. More importantly, Plaintiff has not presented any evidence that he suffered a substantial risk of serious harm to his health or safety due to his restricted access to the showers. The same is true as to Plaintiff's allegation that he had restricted access to telephones and kiosk machines.[6] Without any such evidence, Plaintiff cannot proceed to trial on his Fourteenth Amendment claims. *See Davis,* 607 F.3d at 548-49; *Seltzer-Bey v. Delo*, 66 F.3d 961,

---

[6] To the extent Plaintiff may be bringing these claims under other constitutional provisions, the First Amendment does not require prisoners to receive unrestricted telephone access. *Holloway v. Magness*, 666 F.3d 1076, 1079-80 (8th Cir. 2012). This is especially true in this case where Plaintiff concedes he was able to telephone his family members, albeit at inconvenient times when they were sometimes at school or work, and there is no indication he was prohibited from communicating with them through email, standard mail, or in person during visitation. *See Id.* at 1080-81. Similarly, prisoners do not have a free standing right, under any constitutional provision, to a grievance procedure. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

964 (8th Cir. 1995). Accordingly, I conclude Defendant Rorex is entitled to summary judgment as a matter of law on Plaintiff's Fourteenth Amendment claim regarding his one hour out-of-cell time.

## V.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.    Defendant Rorex's Motion for Summary Judgment (Doc. No. 31) is GRANTED.

2.    Plaintiff's claims against Defendant Rorex are DISMISSED with prejudice, and this cause of action is closed.

DATED this 3rd day of July, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE